UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIEVEON DOMNICK CHRETIEN, | No. 2:14-cv-2867-EFB P |
| Plaintiff, | |
| v. | ORDER |
| E. VALENZUELA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this civil action.[1] He claims that his prison sentence for a non-violent crime must be recalculated in light of Proposition 47 and asks that he be resentenced. As explained below, this action must be dismissed without prejudice to plaintiff's pursuit of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Plaintiff's success in this action would necessarily implicate the duration of his confinement because he is claiming his sentence should be recalculated. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court, which he may pursue only after exhausting all of his constitutional claims in state court. Therefore, plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief in a new action and the Clerk is directed to close the case.

DATED: April 28, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE